**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

John C. Brassell
Assistant U.S. Attorney
John.Brassell@usdoj.gov
(541) 776-3564
*Reply to Medford Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

April 22, 2023

Allison L. Kriger
Mark J. Kriger
645 Griswold, Suite 1717
Detroit, MI 48226

Re: *United States v. Jose Orozco,* Case No. 1:22-cr-00443-AA
Amended Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and plead guilty to Count 1 of the Information filed by the United States Attorney charging money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

3. **Penalties**: The maximum sentence is twenty years' imprisonment, a fine of $250,000, or twice the value of the monetary instruments or funds involved, five years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below.

4. **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Elements and Factual Basis**: In order for defendant to be found guilty of Count 1 of the Information, the government must prove the following elements beyond a reasonable doubt:

First, defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds of a specified unlawful activity, namely the manufacture and distribution of marijuana, a controlled substance;

Second, defendant knew that the property represented the proceeds of some form of unlawful activity; and,

Third, the defendant acted with the intent to promote the carrying on of manufacturing and distributing marijuana, a controlled substance, knowing that the property involved in such a financial transaction represented the proceeds of some form of unlawful activity;

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

Between January 2020 and December 2020, in the District of Oregon, defendant planted, harvested, and sold marijuana, a Schedule I controlled substance, in violation of state and federal law. On or about October 8, 2020, defendant used proceeds from that unlawful activity to conduct a financial transaction involving the purchase of real property located at 200 Suncrest Drive O'Brien, Oregon 97534 (the Property) to promote, carry on, further, and expand his illegal marijuana operation. At the time defendant purchased the Property, he knew that some or all of the funds used to purchase the Property were proceeds from his illegal marijuana operation.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to USSG §§ 2S1.1(a)(2) and 2B1.1(b)(1)(F) is a Base Offense Level of 18, prior to adjustments. The parties further agree that a six-level upward adjustment applies under USSG § 2S1.1(b)(1) because defendant knew and believed that the laundered funds were the proceeds of an offense involving the manufacture and distribution of a controlled substance. The parties also agree that a two-level upward adjustment applies under USSG § 2S1.1(b)(2)(B) applies because of defendant's 18 U.S.C. § 1956 conviction.

Jose Orozco Plea Agreement Letter
Page 3

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Sentencing Recommendation**: So long as defendant demonstrates an acceptance of responsibility as explained above, the USAO will recommend a sentence at the low-end of the applicable guideline range. If the final guideline range falls within Zone B of the USSG, *including* Sentencing Table, the government will recommend home confinement in lieu of community *any* incarceration.

10. **Variance**: The USAO agrees to recommend an eight-level variance *variances and/or departure* under 18 U.S.C. § 3553.

11. **Additional Departures, Adjustments, or Variances**:

    A. Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the variance shall be limited to 18 U.S.C. § 3553.

    B. Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may

take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Forfeiture Terms**:

A. **Money Judgment**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to $386,800 as a money judgment pursuant to 18 U.S.C. § 982, which defendant admits represents proceeds defendant personally obtained, directly or indirectly, as a result of defendant's criminal activity set forth in Count 1 of the Information. Specifically, Defendant acknowledges that $386,800 represents the proceeds involved in Count 1 as being traceable to the sale or transfer of the real property located at 201 Jaynes Drive in Grants Pass, Oregon, 97527 and 200 Suncrest Drive O'Brien, Oregon, 97534. Defendant agrees that, as a result of the acts and omissions of the defendant, the proceeds have been transferred to third parties and cannot be located by the United States upon the exercise of due diligence. Defendant agrees that prior to reaching an agreement with the government to resolve the case, he sold the property located at 201 Jaynes Drive in Grants Pass,

Oregon, 97527 and therefore the property is out of reach of the United States. Defendant further agrees that because of his failure to make mortgage payments on the property located at 200 Suncrest Drive O'Brien, Oregon, 97534, the property went into foreclosure and therefore the property is out of the reach of the United States. The defendant therefore agrees that, pursuant to 21 U.S.C. § 853(p), the United States is entitled to forfeit substitute assets of the defendant up to the full amount of the money judgment, including the property located at 102 Smith Sawyer, Cave Junction, OR 97523. The Government agrees that Defendant shall have six months from the date of his sentencing to pay the balance due on the money judgment before the Government seeks to forfeit any substitute assets to satisfy the money judgment. The time for paying the balance due on the money judgment before the Government seeks to forfeit any substitute assets to satisfy the money judgment may be modified with the consent of both parties. The defendant further consents to, and agrees not to oppose, any motion for substitute assets filed by the United States up to the amount of any unpaid balance on the money judgment after that six month period has passed, and consents to the entry of the forfeiture order into the Treasury Offset Program. If any amount of the money judgment remains outstanding as of his sentencing, Defendant further agrees to truthfully complete the USAO's Financial Disclosure Statement and to provide it to the USAO. For any amount the Defendant pays within six months of his sentencing, Defendant agrees to voluntarily surrender the amount of those proceeds to the government via a personal or cashier's check made out to the U.S. Treasury Department. Defendant agrees he will not file an administrative claim to the forfeiture of any portion of the $386,800, and agrees that he knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the administrative forfeiture of this money, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding, in order that the appropriate disposition be made by the custodial agency. Defendant further agrees forfeiture of any amount paid towards the $386,800 shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

    B.    **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding. Specifically, Defendant agrees not to file a claim or contest the forfeiture of the following real property, against which the Government has filed a civil forfeiture complaint in Case Number 1:23-cv-00582-MO:

- Real Property located at 1530 Thompson Creek Road Selma, Oregon 97538; and,
- Real Property located at 1100 Panther Gulch Road Williams, Oregon 97544.

Jose Orozco Plea Agreement Letter
Page 6

C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

17. **Abandonment of Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title, and interest to the following property:

- 2021 Toyota Tacoma & Title, VIN# 3TMDZ5BN1MM104982
- $15,001.00 in United States Currency
- Bryco Arms .380 semiauto and magazine
- HK Model, HK416D 22 LR black and two magazines
- Ruger Model, Ruger-57 black pistol, two magazines, and rounds
- Precision International M1911, 38 super, and two magazines
- Seven Predator 2000 generators
    - S/N #AZ101202616
    - S/N #AZ011011144
    - S/N #AZ101007594
    - S/N #AZ012013213
    - S/N #AZ102201091
    - S/N #AZ011003236

- o S/N #AZ101007596
- Three Honda WH20xt pumps
    - o S/N #WAKT3004838
    - o S/N #WAKT3006187
    - o S/N #WAKT3004846
- Predator 4375-370152026
- Predator 2000 generator not in box;
- One Craftsman WS2200 Weedwhacker S/N #1D14MDB2169
- Two yellow notebooks
- Blue notebook
- Purple notebook
- Brown/black notebook
- Currency counter
- Honda GX390 pump, S/N #GCBCT-3278097
- Two Dyda Glo Pro Heaters
    - o S/N #2027AFF00664
    - o S/N #2027AFF00648
- Two Legend Force Augers
    - o S/N #HB52cc20211203175
    - o S/N #HB52cc2021128318
- Platinum ... Hood, new in box
- Stihl M5211 chainsaw, S/N #11399673414B
- Four Lux 315 CMH lights, new in box
- Twelve Lux 1000 Watt DE, new in box
- Tailgate generator
- Krause & Becker paint sprayer, S/N #362082818
- Nanolux DE-OG1000, new in box
- Ry061RY14022VNM generator, S/N #NQ20476D013766
- Predator 4375, S/N #A2012023214
- Honda WB3oxt pump, S/N #WACT5024992
- Predator water pump, S/N # T850021030051774
- Honda GX390 pump, S/N # GCBOT-3278099
- Generator model C200AGR-A043M356, S/N #C130471278
- Black Binder with miscellaneous documents
- Aineken money counter and rubber bands

18. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19. **Deadline**: This plea offer expires if not accepted by April 24, 2023 at 5:00 p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

s/ John C. Brassell

JOHN C. BRASSELL
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4/24/23
Date

Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4-24-23
Date

Attorney for Defendant